FILED
United States Court of Appeals
Tenth Circuit

October 15, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

ORIN KRISTICH,

    Plaintiff - Appellant,

v.

FNU CASADY, Nurse, in official and individual capacity, et al.,

    Defendants - Appellees.

No. 24-6216
(D.C. No. 5:23-CV-00544-R)
(W.D. Okla.)

_____

**ORDER**

_____

This matter is before the court following the opening of this appeal. Pro se plaintiff Orin Kristich filed a notice of appeal from the district court's interlocutory September 26, 2024 order (Dist. Ct. ECF No. 60) denying reconsideration of a prior interlocutory order (Dist. Ct. ECF No. 54). Like another appeal the plaintiff recently filed here, *see* No. 24-6107, the order being appealed here does not appear to be a "final decision" as that term is defined in this court and does not appear to be otherwise appealable now. As a result, it appears this court is without jurisdiction, so we are considering summary disposition. 10th Cir. R. 27.3(B). Regular proceedings in this appeal, including briefing on the merits, are SUSPENDED pending further written order of this court. *See id.* 27.3(C).

Federal appellate courts like this one generally have jurisdiction to review only final decisions of district courts. 28 U.S.C. § 1291; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (final decision resolves all claims against all parties) *and Southern Ute Indian Tribe v. Leavitt*, 564 F.3d 1198, 1207 (10th Cir. 2009) (piecemeal review of interlocutory district court orders not allowed). Here, the district court case remains ongoing. The order being appealed addressed only an interim motion seeking reconsideration of a prior interim order that dismissed some claims against some defendants. Two individuals remain as defendants. Importantly, no final judgment has been entered to signal the end of the case. *See* Fed. R. Civ. P. 58. Lastly, the order does not appear to fall into any recognized exception to the final judgment rule. *See, e.g.*, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Industrial Loan Corp.* 337 U.S. 541 (1949). In short, the district court case is not over, and the appeal was likely filed too soon.

**On or before October 29, 2024**, the plaintiff is directed to file in this court a memorandum brief explaining any legal basis why this court has jurisdiction to consider his appeal of a non-final order now. The memorandum brief shall address only the jurisdictional question regarding the order being appealed in this case and no other. Alternatively, the plaintiff may elect to do nothing, and we will dismiss the appeal for lack of prosecution. *See* 10th Cir. R. 42.1.

The plaintiff is advised that even if this premature appeal is dismissed, he will retain the right to file a new appeal, if necessary, in accordance with all applicable

procedural rules **after final judgment has been entered** as to all claims and all parties (or entry of an immediately appealable order). *See* Fed. R. App. P. 3, 4(a).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk